UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>EDUARDO HOFFMAN VALENCIA,<br><br>                              Defendant. | Case No.: 20CR901-CAB<br><br>**Order Denying Motion for Review of Detention Order**<br>**[Doc. No. 18]** |

Before the Court is defendant Eduardo Hoffman Valencia's motion for review and revocation of the order of detention in his case. [Doc. No. 18.] Government opposed the motion. [Doc. No. 20.] The Court finds the motion suitable for determination without further hearing, on the papers submitted by the parties which set forth their respective positions. *United States v. Martinez-Tomas*, No. 20-50095 (9th Cir., April 30, 2020). For the reasons set forth below, the motion is DENIED.

**I.    Background**

On February 10, 2020, defendant Hoffman was arrested at the San Ysidro Port of Entry and charged with importation of controlled substances (46.62 kg of methamphetamine) in violation of 21 U.S.C. §§ 952, 960. [Doc. No. 1.] At the defendant's initial appearance on February 11, 2020, the government moved for the defendant's detention based on risk of flight. [Doc. No. 3]   After a hearing on the government's motion, and considering the 18 U.S.C. § 3142(g) factors, the United States Magistrate

Judge found the defendant did not rebut the applicable presumption that no conditions or combination of conditions could be set that would reasonably assure the defendant's appearance in court and ordered him detained. [Doc. No. 5.]

On April 27, 2020, defendant filed a motion for reconsideration of the order of detention. [Doc. No. 14.] The government opposed. [Doc. No. 15.] The magistrate judge found that "none of the 3142(g) factors have changed since the entry of [the] detention order so as to warrant the requested relief" and denied the motion. [Doc No. 16.]

On May 7, 2020, defendant filed the instant motion for review and revocation of the detention order, pursuant to 18 U.S.C, § 3145(b) (if a person is ordered detained by a magistrate judge, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.) [Doc. No. 18.] The government again opposed. [Doc. No. 20.] The Court considers *de novo* the defendant's request for revocation of his detention order. *United States v. Koening*, 912 F.2d 1190, 1193 (9th Cir. 1990).

**II.   Discussion**

The government must establish risk of flight by a preponderance of the evidence. In this matter, because the offense charged carries a maximum term of 10 years or more, it is presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). The defendant must therefore overcome the presumption based on the § 3142(g) factors.

**A. § 3142(g) Factors Applied to Defendant Hoffman**

The findings on the § 3142(g) factors of the magistrate judge are unchallenged, so the Court will only summarize them here.

**1. Nature and Seriousness of the Offense**

The defendant is charged with importation of a controlled substance, approximately 46.42 kg of methamphetamine, in violation of 21 U.S.C. § 952, 960. The charge carries a presumption of detention and mandatory minimum penalties.

### 2. Weight of the Evidence against the Defendant

The weight of the evidence against the defendant is strong, however, this is "the least important of the various factors" in the Court's analysis. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

### 3. Defendant's History and Characteristics

#### a. Character

The defendant is a 24-year old Mexican national who lives in Ensenada, Mexico. He held a valid border crossing card, but no legal status to live and work in the United States.

#### b. Family and community ties

The defendant has no known family ties in the United States and no personal community ties. He has friends in the Central District who he proposes as sureties.

#### a. Physical and mental condition

The defendant is a young man without any health conditions. While incarcerated the defendant contends he faces an increased risk of exposure to the COVID-19 virus.[1] The presence of the pandemic does not however, override the Court's obligation to conduct an individualized analysis under all the factors in 18 U.S.C. § 3142(g). This defendant does not have a physical condition that may place him at an increased risk of serious complications if he were to contract the virus. The magistrate judge found and this Court concurs that the risk of contracting the virus alone does not rebut the presumption that this defendant is a flight risk.

---

[1] The Court recognizes that the COVID-19 pandemic presents significant and unprecedented public health concerns, and the challenges that exist in containing the virus in detention facilities are serious considerations. Current recommendations to attempt to contain the spread of the virus, such as social distancing, frequent hand washing and wearing a face mask are difficult to practice in detention facilities. These challenges however do not require that all pretrial detainees be released on bond without consideration of the other § 3142(g) factors.

### b. Employment and Financial Resources

The defendant represents he has employment in Mexico. He has no lawful employment in the United States. His personal financial resources are unknown. He does not appear to have property or any assets in the United States.

### c. Length of Residence

The defendant never resided in the United States. He visits friends in the United States but has no personal residency history.

### d. Drug or Alcohol Abuse

The defendant has no known history of drug and/or alcohol issues.

### e. Criminal History, Past Conduct and Failures to Appear

The defendant has no known criminal history, or violations of parole and probation conditions.

## 4. Nature and Seriousness of the Danger to Community

Given the nature of the charge there is a presumption that the defendant is a danger to the community. The government moved for detention however based only on risk of flight. Although the importation of such a large quantity of methamphetamine is a danger to the community, there is no indication that this defendant personally poses any danger.

## B. No New Issues are Presented

The defendant raises no new issues in his motion for revocation of the order of detention. Having considered and weighed all the factors, including the issues raised by the COVID-19 virus, the Court agrees with the magistrate judge that the defendant has not

////

////

///

introduced evidence sufficient to rebut the presumption under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure his appearance in court.

Defendant's request is DENIED without prejudice.

IT IS SO ORDERED.

Dated: May 15, 2020

Hon. Cathy Ann Bencivengo
United States District Judge